IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:23-CR-85-KAC-DCP |
| MAURICE BIBBS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case are referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Maurice Bibbs's Unopposed Motion to Continue Plea Deadline and Trial [Doc. 14], filed on September 10, 2023. Defendant asks the Court to continue the September 11, 2023 plea deadline and the October 10, 2023 trial date because counsel need additional time for plea negotiations and, if an agreed resolution cannot be achieved, to otherwise prepare for trial. The motion relates that Defendant, who is detained pretrial, understands all time is excludable under the Speedy Trial Act and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of November 14, 2023.

The Court finds Defendant Bibbs's motion to continue the trial and plea deadline is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, the parties need a short continuance to finalize details in a potential plea agreement. If negotiations are not fruitful, defense counsel will need time to prepare the case for trial. The Court finds that trial preparations cannot be concluded by the October 10 trial date or in less than two months. Thus, the Court concludes that without a continuance, defense counsel would not have the

reasonable time necessary to prepare for trial, even proceeding with due diligence.  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and plea deadline [**Doc. 14**] is **GRANTED**, and the trial is reset to **November 14, 2023**.  The Court finds that all the time between the filing of the motion on September 10, 2023, and the new trial date of November 14, 2023, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B).  The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Unopposed Motion to Continue Plea Deadline and Trial [**Doc. 14**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **November 14, 2023**, **at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **September 10, 2023**, and the new trial date of **November 14, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **October 16, 2023**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **October 24, 2023, at 10:00 a.m.**;

(6) The deadline for filing motions *in limine* is **October 30, 2023**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **November 3, 2023**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge